Matthew T. Maloney
*Pro Hac Vice*
DeBofsky Sherman Casciari Reynolds P.C.
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
(312) 561-4040
Fax (312) 929-0309
mmaloney@debofsky.com
*Attorney for Plaintiff Pamela Pfeffer*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAMELA PFEFFER, | CASE NO.: 2:21-cv-01428-APG-NJK |
| Plaintiff, | |
| vs. | **DISCOVERY PLAN AND SCHEDULING ORDER** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | **(Special Scheduling Review Requested)** |
| Defendants. | |

Plaintiff, PAMELA PFEFFER ("Plaintiff"), and Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Defendant"), jointly request special scheduling review. The parties submit the following discovery plan and order for this case.

**I.      Rule 26(f) Conference.**

In accordance with Fed. R. Civ. P. 26(f), a conference was held via email on September 28, 2021 between Matthew Maloney and Marie Casciari, counsel for Plaintiff, and Jenapher Lin and Jack Englert, Jr., counsel for Defendant.  The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below. According to LR 26-1(b)(7-8), the parties further certify that they have met and conferred regarding the possibility of using alternate dispute-resolution processes. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded or allowed in this matter.

1

**II.     Nature of Case and Purpose of Special Review.**

This case involves a claim for long-term disability benefits under an employee benefits plan ("Plan") sponsored by Plaintiff's employer, the American Heart Association, for the benefit of its employees. The Plan is funded by a group policy underwritten by Defendant, which also administers claims for disability benefits under the Plan. This action was specifically brought as a claim for benefits pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132 (a)(1)(B)). Plaintiff also seeks attorneys' fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)).

A discovery plan and scheduling order are generally not required here because the Court's review will be based primarily on the claim file compiled by Defendant during the claim and appeal process. LR 16-1(c)(1). Instead, the parties will file a proposed briefing schedule. LR 16-1(c). Accordingly, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below.

**III.    Proposed Plan**

The parties have conferred and agree as follows:

**A.     Production of the Claim File:** Defendant will produce a copy of the claim file by **October 29, 2021.**

**B.     Meet and Confer Period:** Plaintiff contends that she is entitled to conduct discovery in this matter, but first needs to review the claim file Defendant will be producing in litigation. Plaintiff and Defendant will meet and confer by **November 26, 2021** as to: 1) the type and scope of discovery Plaintiff contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible); and 2) whether the parties agree regarding the contents of the claim file, including whether materials should be added and/or removed therefrom. Any discovery that the parties agree is permissible under ERISA shall be served by **December 10, 2021.**

**C.     Briefing re: ERISA Discovery Disputes:** To the extent that, after the meet and confer period, the parties disagree as to: 1) the permissible scope and type of discovery

Plaintiff is seeking and/or 2) the contents of the claim file, on or before **December 31, 2021**, the parties will simultaneously brief the Court and request a ruling on any remaining disputes.

    **D.**    **Filing of ERISA Claim File and Briefing of the Merits of the Case:** If no discovery is served under Paragraph III.B and no discovery motions are filed under Paragraph III.C., on or before **January 14, 2022**, Defendant will file the claim file with this Court, the contents of which will be agreed upon by the parties.

After the parties file a timely joint claim file submission, the parties anticipate this matter will be resolved pursuant to dispositive motions filed under Fed. R. Civ. P. 52. The Parties propose a deadline of **February 18, 2022** for cross-dispositive opening briefs and **March 18, 2022** for cross-dispositive response briefs. If discovery motion(s) are filed under Paragraph III.C., above, the deadlines set forth in this Paragraph III.D. will be suspended. The parties will propose new dispositive briefing deadlines after any discovery motion(s) have been ruled upon to consider any additional discovery time permitted.

    **IV.**    **Settlement.**

Plaintiff is amenable to engaging in early settlement discussions, whether it be through formal mediation or informal attempts to reach a resolution.

DATED: October 4, 2021    DEBOFSKY SHERMAN CASCIARI REYNOLDS PC

By:   /s/ Matthew T. Maloney
MATTHEW T. MALONEY
mmaloney@debofsky.com
*Pro Hac Vice*

MARIE E. CASCIARI
mcasciari@debofsky.com
*Pro Hac Vice*
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
*Attorneys for Plaintiff PFEFFER*

DATED: October 4, 2021     HOLLAND & HART LLP

By:   /s/ Jenapher Lin
JENAPHER LIN
JLin@hollandhart.com
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

JACK M. ENGLERT, JR.
JEnglert@hollandhart.com
555 17th Street, Suite 3200
Denver, CO 80202-3921
*Attorneys for Defendant HARTFORD*

**IT IS SO ORDERED:**

Dated October 6, 2021

_____
UNITED STATES MAGISTRATE JUDGE